MICHELS et al. v. LEVY.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

INJUNCTION (§ 126*)—BURDEN OF PROOF.

In a suit for mandatory injunction to compel removal of a body from a cemetery lot, the burden was on plaintiff to show title to the lot.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 276; Dec. Dig. § 126.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Henrietta Michels and others against Bertha Levy. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Harry Edwards, of New York City, for appellant.
Harry F. Mela, of New York City, for respondents.

PER CURIAM. The burden of proof was upon the plaintiffs to establish title to the plot in question, from which they are seeking to eject the defendant. This they have failed to do.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide event.

LAUGHLIN, J. (dissenting). The action is brought for a mandatory injunction requiring the removal of a body from a cemetery lot; and the judgment decrees that the body shall be removed unless the defendant shall pay plaintiffs the value of the lot as found by the court. On the 22d day of May, 1866, the Congregation Darech Amuno, a domestic corporation which owned a cemetery site, known

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as the Makom Sholom Cemetery, in the town of Jamaica, county of Queens, Long Island, issued to one Louis M. Michels a certificate assigning lot 94 in section 26, as shown on the ground plan of the cemetery, to him and to his heirs forever, as a burial place for himself and his relatives. The plaintiffs are the widow and heirs of said Louis M. Michels, deceased. On the 4th day of January, 1900, the congregation issued a certificate to one Morris Levy, the defendant's husband, assigning to him and to his heirs in perpetuity for burial purposes a lot in said cemetery; but in the certificate the lot and section numbers were left blank, and the description following this blank is: "Back of Harris plot. 16 by 22 feet." This is the only description of the lot, with the exception that at the heading of the certificate, after the name of the corporation and a statement as to where the cemetery was located, preceding the body of the certificate, appears the following: "Certificate No. 23, section 28, lot No. ————." Prior to the time the defendant's husband obtained this certificate, the ground plan of the cemetery had been lost, and it never has been found. A diagram introduced in evidence by the plaintiffs shows that the "Harris plot" abuts on the southerly side of the main road in the cemetery, and that its frontage is upon that road, which affords its only access. The lot which the defendant's husband took possession of under the certificate is not back of the Harris plot, but immediately adjoins it on the west, and likewise fronts on said main road. The said Levy died on the 3d day of July, 1904, and he was buried in this plot.

The plaintiffs' claim is that this is the plot called for by the certificate issued to the said Louis M. Michels, and in support of their contention they showed by the testimony of his widow that after said certificate was issued to him and on the 1st day of April, 1867, one Virginia Lautenbach, a niece of the said Louis M. Michels, was by his consent buried in his plot. His widow attended the funeral, but she was not interrogated with respect to the location of the plot. After the defendant's husband took possession of the lot, he found a small tombstone bearing the inscription: "In memory of Virginia Lautenbach, born July 17, 5626, died April 1, 5627. Peace be to her soul"— in the southwesterly corner, and he straightened it up and left it there, apparently on the assumption that it marked a grave. The defendant testified, in effect, that there was no indication on the surface of the ground that there was a grave at that place. A witness for the plaintiffs, however, testified that there was a grave there, and that it was at least 12 inches wholly within the lines of the plot, and he was not cross-examined with respect to the indications on the surface of the ground as to the existence of a grave.

In these circumstances I am of opinion that the evidence justifies the finding that the plot in question is the one to which said Louis M. Michels obtained a certificate, and, although it does not appear that it was fenced in or cared for, he occupied it for the purposes and to the extent that burial plots in a rural cemetery are usually occupied. This was sufficient possession to retain his title.

I therefore vote for affirmance.